Thomson, J.,
delivered the opinion of the court.
On the 23d day of October, 1893, George Edinger brought suit in the county court of Garfield county against W. T. Beans and others, and caused a writ of attachment to be issued in the suit, which was levied upon certain goods and chattels as the property of Beans. At that time T. W. Thomas was the sheriff of Garfield county, and the levy was made by him. He remained in office until January 8, 1894, when B. W. Ware became the sheriff. When the attachment was levied, J. W. Dollison, the attorney of the attachment plaintiff, requested the appointment of a custodian to take charge of the goods, and the then sheriff, T. W. Thomas, thereupon appointed II. C. Thomas as such custodian, and agreed to pay him $2.50 per day for the time he should be *152 in charge of the property. The goods were still in the custody of H. C. Thomas when Ware entered upon the duties of the office. The latter made no change of custodian, and H. G. Thomas remained in charge of the goods until the 24th day of January, 1894, when the property was released from the attachment, and turned over to Annie T. Beans, who had intervened, claiming the property as hers, and whose claim, upon trial, was sustained.
On the 24th day of February, 1894, H. O. Thomas commenced this action in the district court of Garfield county against the attachment plaintiff, George Edinger, to recover the sum of $135, which he alleged was the amount due him for the safe-keeping of the goods, by virtue of his contract with the sheriff. Issues were joined, and a trial had, which resulted in a verdict and judgment in the plaintiff’s favor for the amount of his claim. The defendant has brought the case here by appeal.
The following is section 1 of an act of the legislature, approved April 16, 1891:
“ Whenever it shall be the duty of any sheriff or constable to appoint a custodian to take charge of any property levied upon by virtue of a writ of attachment or execution, the court shall allow such compensation for the services of the custodian as shall be proper, not exceeding two and one half dollars per day, to be taxed as costs, and such officer shall not demand or receive any greater sum.” Session Laws 1891, p. 323.
The law charges the sheriff with the safe-keeping of property levied upon; and if he finds that the appointment of a custodian is necessary to their preservation, he makes the appointment in his official capacity. The custodian appointed is, for the purpose of the safe-keeping of the goods, his agent, for whose default or misconduct concerning them he is responsible, and for whose services he is entitled to an allowance by the court not exceeding $2.50 per day. The compensation of the custodian must be taxed as costs in the case in the manner provided by the statute, or it cannot be recovered *153 from the losing party. No contract made by the sheriff with the custodian for the payment to him of a fixed sum in consideration of his services would be binding upon the parties to the suit. The statute provides how his compensation shall be determined; it must be determined in that way, and in no other way; and when it is determined, to make it available, it must be taxed as costs. The appointment of a custodian, like the attachment of the goods, is a part of the proceedings in the case; and the court in which the case is pending has the sole jurisdiction to determine what costs are chargeable on account of the appointment. The custodian looks to the sheriff for his pay, and the sheriff protects himself by procuring an allowance and taxation of the proper amount. The sheriff cannot safely contract for the payment of any specific sum.
It seems that the costs in the attachment suit were adjudged against the attachment plaintiff, the defendant in this case; and if the sheriff expected to be reimbursed by Edinger for his outlay or liability on account of the custodian, he should have caused the amount to be determined, allowed, and taxed in his favor, in the county court. There would then have been a judgment for that amount against this defendant in the only court authorized to render such judgment. It seems there was an attempt to follow the statute in the matter, but plaintiff’s counsel say that for certain reasons it was ineffectual. We shall not inquire whether it was or not, because whatever it was, and whatever its result, it cuts no figure in this case. We do not decide that the contract between this plaintiff and the sheriff was invalid, or that the plaintiff can: not recover from the sheriff the amount which the latter agreed to pay him. We only decide that in so far as the parties to the litigation are concerned, the compensation of the custodian of attached goods is a matter for the determination of the court in which the attachment suit is pending, and is not recoverable from the losing party unless it is taxed as costs in that suit. Personally the custodian had no claim against Edinger; but even if he could make such claim in his *154 own behalf, the district court had no jurisdiction of the controversy. Its judgment must therefore be reversed with instruction to dismiss the case.

Reversed.